UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

FRANK GAMBINO,                                     No.  77 C 1360

                Plaintiff,

     - against -                                Memorandum of Decision
                                                         and Order
KOREA SHIPPING CORP.,
"KOREAN CHALLENGER",
                                                           January 5, 1978

                Defendant.

- - - - - - - - - - - - - - - - - - x

A P P E A R A N C E S :

    IRVING B. BUSHLOW, ESQ.
        Attorney for Plaintiff
        Office and P.O. Address
        26 Court Street
        Brooklyn, New York  11242

    MICHAEL D. MARTOCCI, ESQ.
        Attorney for Defendant
        Office and P.O. Address
        120 Broadway
        New York, New York  10005

MISHLER, CH. J.

      Plaintiff, a longshoreman employed by International Terminal Operations Co., Inc., stevedores, claims that he suffered personal injuries on May 27, 1975, aboard the Korean Challenger docked at the 21st Street pier in Brooklyn, New York.  Plaintiff alleges that while descending a ladder from

his post on the winch platform between Hatch #2 and Hatch #3, his left foot became entangled in an electric cord that was negligently left on a rung of the ladder by a member of the crew, causing him to fall to the deck.

The case was tried to the court without a jury. The court finds:

At about 8:00 A.M. on May 27, 1975, plaintiff climbed the ladder from the deck of the Korean Challenger to his assigned post at the winch. The ladder had ten to twelve rungs and was approximately ten to twelve feet in height. The ladder was made of steel with roving rungs and hand rails, rising perpendicularly to the deck. At 8:40 A.M., he was relieved by Joseph Balbi and started his descent. Neither plaintiff nor Balbi saw an electric wire encumbering the ladder when they climbed the ladder.

Plaintiff failed to prove by a fair preponderance of the credible testimony that the electric wire was present and/or caused the fall. Assuming the wire was around the fifth or sixth rung of the ladder and was negligently left there by a member of the crew,[1] it is unlikely that plaintiff's

---

[1] Plaintiff's theory is that the electric wire was part of cluster lights supplied by the ship and positioned by the crew for loading and discharging cargo at night; that the crew left the light at the ladder for convenient use when required.

foot was caught while he was descending. He testified that he faced the wall and held the rails of the ladder while descending, and he asks the court to infer that his heel became entangled in the wire.[2] The court cannot perceive the happening of the accident as described by plaintiff.

The complaint is dismissed, and it is

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing the complaint.

This memorandum of decision contains the findings of fact and conclusions of law required under Rule 52.

*[signature]*
U. S. D. J.

---

[2] Plaintiff did not describe how his foot became entangled in the wire with any degree of specificity.